**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

█████████████████████████

PLAINTIFF,

V.

THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,

DEFENDANTS.

CASE NO.: 1:25-CV-15561

**FILED UNDER SEAL**

**COMPLAINT**

Plaintiff, ███████████████████ ("█████ or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships identified on Schedule A, attached hereto (collectively, the "Defendants"), which use at least the online marketplace accounts identified therein (collectively, the "Defendant Internet Stores" or "Seller Aliases"), and for its Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1114, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      This Court has personal jurisdiction over the Defendant, in that the Defendants conduct significant business in Illinois and this Judicial District, and the acts and events giving

1

rise to this lawsuit, of which Defendants stand accused, were undertaken in Illinois and within this Judicial District.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since Defendants directly target consumers in the U.S., including Illinois, through the fully interactive, commercial Internet Stores operating under the Seller Aliases. Defendants commit tortious acts, engage in interstate commerce, and wrongfully cause substantial injury in the State of Illinois.

## JOINDER

4.     Joinder is proper pursuant to Federal Rules of Civil Procedure 19(a)(1) and 20(a)(2) as there is a logical relationship among Defendants, supported with an actual evidentiary overlap between Defendants, Plaintiff's right to relief stems from the same series of transactions or occurrences, and questions of law and/or fact common to all Defendants will arise in the action.

5.     Plaintiff has filed, as **<u>Exhibit 2</u>** hereto, its Schedule A, which includes the Defendants' store names and online marketplace accounts, as well as Defendants' listings titles and product listing images, all of which are selling products which infringe upon Plaintiff's intellectual property. However, the true identities of the defendants — *i.e.*, the individuals and/or entities operating the Seller Aliases — are not yet known.

6.     The Defendant Internet Stores share a number of commonalities suggesting that they are interrelated and/or working in active concert with one another. Including, but not limited to the fact that  many Defendant Internet Stores: sell the same counterfeit goods, indicating they have source their products from the same manufacturer;  use identical or near identical product titles; share identical product descriptions; use the same images to sell and market infringing products;listings; infringe upon Plaintiff's federally registered trademarks; sold and listed for sale infringing products  during the same general time frame.

7.      While it is likely that a significant number of Seller Aliases included in Schedule A are operated by the same individual and/or entity, it is not until the third-party marketplaces produce the registration data for these stores that Plaintiff is able to discover the true identity or identities of the individuals and/or entities operating the Defendant Internet Stores.

8.      Given the similarities between the Defendant Internet Stores discussed *infra* and the likelihood that all Defendants are logically related and may be operated by the same individual and/or entity, and for purposes of judicial efficiency, Plaintiff asserts that joinder of all Defendants is proper at this stage as severing the case would mean that multiple stores with the same operator would be adjudicated piecemeal and/or would need to be re-joined at a later date.

## INTRODUCTION

9.      This action has been filed to combat the online trademark infringement and counterfeiting activity of Defendants, who trade upon Plaintiff's valuable trademarks by selling and/or offering for sale unauthorized products bearing Plaintiff's federally registered trademarks.

10.     Plaintiff, ███████████████████████ is the owner of the federally registered trademarks, listed in the table below — true and correct copies of which are attached hereto as **Exhibit 1** (the "████ Trademarks").





11.    In an effort to deceptively profit from the ████████ Trademarks, Defendants created the Defendant Internet Stores, designed in look, feeling, and suggestion to give the impression to consumers that they are legitimate merchants selling authentic products manufactured or

4

authorized by ███████ with Defendants' ultimate intention being to deceive unknowing consumers into purchasing products which are unauthorized and infringe upon the ███████ Trademarks (hereinafter, the "Counterfeit Products").

12.    Plaintiff filed this action to combat Defendants' ongoing infringement and counterfeiting of the ███████ Trademarks. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, tarnishment, and loss of control over its trademarks as a result of Defendants' actions and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

13.    ████████████████████████████████████
████████████████████████████████████████████
████████████████████.

14.    ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████.

15.    ████████████████████████████████████
████████████████████████████████████████████

16.

17.

18. ███████████████████████████████████

████████████████████████████████████████████████

████████████

19. ███████████████████████████████████

████████████████████████████████████████████████

20. ███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████

21. ███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████

22. ███████████████████████████████████

██████████████████████████████████

## THE DEFENDANTS

23.     Defendants are individuals and/or business entities whose true identities are unknown and are often concealed with unverified, incomplete, or false business names, addresses, and contact information. Upon information and belief, all Defendants reside in foreign jurisdictions.

24.     Defendants operate fully interactive commercial websites and online marketplace accounts utilizing, at least, the following marketplace platforms: ████████████████████

████████████████████████████████████████████████

██████████████████████████████████

(collectively, "Online Marketplaces").

25.     Each Defendant Internet Store is using and/or has used the ████ Trademarks, without authorization to do so, in connection with the offering for sale, selling, marketing, and distribution of Counterfeit Products, in direct competition with Plaintiff, since at least November 12, 2025, when Plaintiff first learned of Defendants' infringing activity, to December 22, 2025, the date of filing this Complaint.

## THE DEFENDANTS' UNLAWFUL CONDUCT

26.     On information and belief, Defendants are using the ████ Trademarks without authorization in their product listing titles, product descriptions, as keywords, on product packaging, and on the physical products themselves, in connection with Counterfeit Products. For example:



27.     Defendants' Counterfeit Products are intentionally designed to look identical or similar to genuine ███████ Products. Both Plaintiff and Defendants advertise and sell their products using the ██████ Trademarks, in the same way (*i.e.*, on the products themselves and the listing titles) and in the same manner (via the Internet) during the same timeframe.

28.     Defendants' unlawful use of the ██████ Trademarks, and unfair competition, draw would-be consumers of Plaintiff's authentic ██████ Products away from Plaintiff and to the Defendant Internet Stores.

29.     Potential consumers purchasing the ██████ Products are diverse, with varying degrees of sophistication, likely to have difficulty distinguishing genuine ██████ Products from Counterfeit Products.

30.     Consumers who intend to purchase authentic ██████ Products are purchasing the Counterfeit Products and are receiving inauthentic, low-quality items which consumers now associate with the Plaintiff.

31.     On information and belief, counterfeiters, such as Defendants, operate numerous additional online marketplace accounts and/or ecommerce stores. As such, it is likely that Defendants may be infringing upon Plaintiff's intellectual property in ways not yet determined.

32.     Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $350 billion in annual online sales.[1] According to an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[2] Internet websites and e-

---

[1] *See* "2020 Review of Notorious Markets for Counterfeiting and Piracy," OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Executive Office of the President. 85 FR 62006 (October 1, 2020).

[2] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).

commerce stores like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

33.     As addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above mentioned digital Online Marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[3]

34.     On information and belief, Defendants operate in an organized manner, often monitor trademark infringement litigation alert websites, utilize online chat platforms and groups, and use collective efforts in an attempt to avoid liability and intellectual property enforcement efforts.[4] Furthermore, there is a substantial evidentiary overlap in Defendants' behavior, conduct, and individual acts of infringement, thus constituting a collective enterprise.

35.     The Defendant Internet Stores include common features such as use of the same and/or similar listing titles and naming conventions, identically or similarly priced products and volume discounts, and the use of the same text and images. Similarly, Defendants are selling the same types of Counterfeit Products — ████████████████████████████████████ ████████████████████████████████████.

36.     Defendants often conceal their identities using aliases and invalid addresses to register and operate their network. For example, many Defendants' names and physical addresses

---

[3] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), https://www.nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at https://www.dhs.gov/sites/default/ files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.
[4] For this reason, Plaintiff is concurrently filing a Motion For Leave to File Certain Documents Under Seal.

used to register their Defendant Internet Stores are incomplete (*e.g.*, many of the Defendants only list their city and country and provide no additional information).

37.     On information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the Seller Aliases, as well as other unknown fictitious names and addresses. Defendants use these and other common tactics to hide their true identities and locations, obfuscate the full scope and interworking of their infringing operation, and avoid being shut down. Defendants also conceal their true return addresses by using shared distribution methods and common shipping carriers, as well as the use of multiple different shipping labels containing different information and by redacting their true contact information.

38.     Further, ecommerce sellers, like Defendants, typically operate multiple payment processor and merchant accounts, , such as ███████████████████████ ███████████████████████████████████████████████ ██████ (collectively, the "Payment Processors"), to hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts. Additionally, as financial transaction logs in previous similar cases have shown, Defendants often maintain offshore bank accounts and regularly move funds from their Payment Processor accounts to said offshore bank accounts, outside the jurisdiction of this Court.

39.     Defendants, without any authorization or license, have knowingly and willfully infringed upon the ██████ Trademarks in connection with the manufacturing, advertisement, distribution, importation, offering for sale, and sale of illegal, infringing, and counterfeit products into the United States and Illinois.

40.     In committing these acts, Defendants have, willfully and in bad faith, committed the following, all of which have caused, and will continue to cause, irreparable harm to Plaintiff:

11

infringed upon and used counterfeit versions of the ▮▮▮▮ Trademarks; created, manufactured, imported, sold, and/or offered to sell Counterfeit Products in connection with the ▮▮▮▮ Trademarks; used the ▮▮▮▮ Trademarks in an unauthorized manner in order to mislead and deceive consumers; engaged in unfair competition; and unfairly and unjustly profited from such activities at the expense of ▮▮▮▮.

41. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING
### (15 U.S.C. § 1114, *et seq.*)

42. Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-41 as if fully set forth herein.

43. Plaintiff is the owner of the ▮▮▮▮ Trademarks and is the exclusive rights holder in and to the ▮▮▮▮ Trademarks.

44. Defendants have used the ▮▮▮▮ Trademarks without authorization in commerce in connection with the sale, offering for sale, importation, distribution, and/or advertising of Counterfeit Products.

45. Without the authorization or consent of ▮▮▮▮ and with knowledge of ▮▮▮▮ well-known rights in and to the ▮▮▮▮ Trademarks, and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the ▮▮▮▮ Trademarks and/or used spurious designations that are identical with, or substantially indistinguishable from, the ▮▮▮▮ Trademarks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products.

46.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold Counterfeit Products to the purchasing public in direct competition with ███ and the ███ Products, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the ███ Trademarks through their participation in such activities.

47.     Defendants have applied reproductions, counterfeits, copies, and colorable imitations of the ███ Trademarks to packaging, point-of-purchase materials, promotions, and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, advertising, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public, and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff, through which Defendants make substantial profits and gains to which they are not entitled in law or equity.

48.     Defendants' unauthorized use of the ███ Trademarks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff, and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the ███ Trademarks.

49.     Defendants' actions constitute counterfeiting of the ███ Trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

50.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss, irreparable injury, and damage to ███ its

business, its reputation, and its valuable rights in and to the ███ Trademarks and the goodwill associated therewith, in an amount as yet unknown.

51.    ███ has no adequate remedy at law for this injury, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to ███ and its valuable ███ Trademarks.

52.    Based on Defendants' actions as alleged herein, ███ is entitled to injunctive relief, damages for the irreparable harm that ███ has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as well as all gains, profits, and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per-counterfeit mark per-type of goods sold, offered for sale, or distributed, and reasonable attorneys' fees and costs.

## COUNT II
## FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION
### (15 U.S.C. § 1125, *et seq.*)

53.    Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-41 as if fully set forth herein.

54.    Plaintiff, as the owner of all right, title, and interest in and to the ███ Trademarks has standing to maintain an action for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125.

55.    Defendants' manufacturing, distribution, promotion, marketing, offering for sale, and sale of Counterfeit Products has created and continues to create a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff.

56.     By using the ███ Trademarks in connection with the sale of unauthorized products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products.

57.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of 15 U.S.C. § 1125.

58.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to deceive the purchasing public, with the intent to trade on the goodwill and reputation of ███ its ███ Products, and the ███ Trademarks.

59.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to ███ by depriving Plaintiff of sales of its ███ Products and by depriving ███ of the value of the ███ Trademarks as commercial assets in an amount as yet unknown.

60.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

**COUNT III**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510, *et seq*.)**

61.     Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-41 as if fully set forth herein.

62.     Defendants have engaged in acts violating Illinois law, including, but not limited to, passing off their unauthorized products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of Defendants' goods, thus causing a likelihood of

15

confusion and/or misunderstanding as to an affiliation, connection, or association with genuine ███ Products, through Defendants' representation that Defendants' Counterfeit Products have Plaintiff's approval, when they do not.

63.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

64.     As a direct result of the Defendants' unlawful acts, Defendants have irreparably harmed Plaintiff in an amount as yet unknown, and obtained profits they would not have otherwise realized but for their infringement of Plaintiff's ███ Trademarks.

65.     Plaintiff has no adequate remedy at law, and unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1)     That Defendants, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a.  using the ███ Trademarks or any reproductions, copies, or colorable imitations thereof, in any manner, in connection with the manufacturing, distribution, marketing, advertising, importing, offering for sale, or sale of any product, that is not an authorized ███ Product or is not authorized by Plaintiff to be sold in connection with the ███ Trademarks;

   b.  passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff, nor approved by Plaintiff, in association with its ███ Trademarks;

16

    c.  shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff and which bear the ███ Trademarks; and,

    d.  further infringing the ███ Trademarks and damaging Plaintiff's goodwill.

2)  That those in privity with Defendants, including any Online Marketplaces and Payment Processors, and any other related entities, shall disable and cease displaying all product listings through which Defendants engage in the sale of Counterfeit Products which bear the ███ Trademarks.

3)  That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

4)  For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered trademarks, pursuant to 15 U.S.C. § 1114;

5)  That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff; and that the amount of damages for infringement are increased by a sum not to exceed three times the amount thereof as provided by 15 U.S.C. § 1117;

6)  For Judgment in favor of Plaintiff against Defendants that Defendants have: a) willfully infringed Plaintiff's rights in its federally registered trademarks; and, b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

7)  That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

8)  Any and all other relief that this Court deems just and proper.

Dated: December 22, 2025

Respectfully submitted,

*/s/ John J. Mariane*
Ann Marie Sullivan
Alison K. Carter
Gouthami V. Tufts
John J. Mariane

**SULLIVAN & CARTER, LLP**
111 W. Jackson Blvd. Ste 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
j.mariane@scip.law

***ATTORNEYS FOR PLAINTIFF***